IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Midwest Family Mutual Insurance Company,

      Plaintiff,

v.

Barn Dudes LLC, Scott M. Nelson, and
Heath Harris

      Defendants

Court File No:

**COMPLAINT IN
DECLARATORY JUDGMENT**

---

Plaintiff Midwest Family Mutual Insurance Company, for its Complaint in Declaratory Judgment, states and alleges as follows:

<u>NATURE OF ACTION</u>

1.     This is an action for declaratory judgment for the purpose of determining a question of actual controversy between and among the parties.  Midwest Family seeks a declaratory judgment that it does not owe any duty to defend or indemnify Defendants Barn Dudes LLC and Scott M. Nelson against claims asserted against them in a Liability Complaint by Heath Harris, venued in the State of Minnesota, County of Cass, captioned *Heath Harris v. Scott M. Nelson, Barn Dudes LLC, and Neighborhood Landscaping and Development LLC*.  The Liability Complaint has been served but not filed to date.  A true and correct copy of the Liability Complaint is attached hereto as Exhibit "A".

2.     The Liability Complaint alleges that Nelson, through Barn Dudes, offered contracting services for a Lodge in Walker, MN, to be built for Harris.  It alleges that the

12587510

Lodge was not constructed in compliance with building codes or in a workmanlike manner.

## PARTIES

3.      Midwest Family is an insurance company incorporated under Iowa law with its principal place of business located in West Des Moines, Iowa.  At all times relevant hereto, Midwest Family was in the insurance business and was duly authorized to issue policies of insurance and otherwise conduct business in the State of Minnesota.

4.      Defendant Barn Dudes LLC is a Minnesota Limited Liability Corporation with offices located in Lakeshore, Minnesota. Its sole member is Scott M. Nelson who resides in Lakeshore, MN.

5.      Defendant Scott M. Nelson is the owner of Barn Dudes LLC and is a resident of Lakeshore, MN.

6.      Defendant Heath Harris is a resident of Walker, Minnesota, and is an interested party because he is the plaintiff in the Liability Action.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests.

8.      This Court has personal jurisdiction over all Defendants in this matter.

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue in this action occurred in this District.

12587510

10.     An actual controversy exists between the parties about whether the Artisan

Contractor Policy creates any duty for Midwest Family to defend or indemnify Barn

Dudes and Nelson against the Liability Action.

FACTUAL BACKGROUND

11.     On or about December 2025, Heath Harris, Plaintiff in the Liability Action,

served a lawsuit upon Barn Dudes and Nelson venued in Cass County, MN.

12.     The Liability Complaint alleges Nelson owns and manages Barn Dudes and

the other defendant named in the lawsuit, Neighborhood Landscaping and Development

LLC.  (Nelson/Barn Dudes/Neighborhood Landscaping are collectively referred to herein

as "Liability Defendants.")

13.     The Liability Complaint alleges that in late summer 2024/early 2025,

Harris paid $640,000 to Liability Defendants for the turnkey construction of a Lodge

located in Walker, MN.

14.     The Liability Complaint alleges that the Lodge completion date was

delayed from December 2024 and that when Harris returned from Oklahoma in June

2025 expecting to find the Lodge completed, it was not.  It alleges Harris had to cancel

bookings for his adjacent rental property so that he could stay there.

15.     The Liability Complaint alleges that Liability Defendants have invoiced

Harris for an additional $122,441.84 in overages that Harris has not paid.  It alleges

Liability Defendants did not fully pay subcontractors and that Harris has had to pay

various subcontractors amounts totaling approximately $32,560.

12587510

16.    The Liability Complaint alleges that Harris moved into the Lodge in August 2025 and noticed serious construction defects at that time.

17.    The Liability Complaint alleges defects in the design and implementation of the retaining wall and alleges that it has to be demolished and replaced at a cost of $343,056.40.

18.    The Liability Complaint alleges defects in construction of the foundation and alleges that it has to be repaired and stabilized at a cost of $222,114.08.

19.    The Liability Complaint, Count I, alleges Breach of Statutory Warranties for new construction under Minn. Stat. § 327A.  It alleges faulty workmanship under the one-year warranty, including doors and frames out of square, handrails and guards that are hard to hold, and faulty ventilation above the stove and microwave.  It alleges noncompliant installation of appliances, electrical fixtures, and the water softener constitute construction defects under the two-year warranty.  It alleges the failure to construct the foundation and retaining wall in compliance with building standards constitutes a major construction defect under the 10-year warranty.  It alleges the failure to install a moisture barrier in the attic and provide adequate sealant around the windows, ribbed siding, and between the foundation and walkway, has permitted water intrusion which constitutes another major defect under the 10-year warranty.

20.    The Liability Complaint, Count II, alleges breach of contract.  It alleges Liability Defendants breached their contractual agreement to provide turnkey construction of a habitable Lodge that is compliant with all building codes and completed in a workmanlike manner.

12587510

21.     The Liability Complaint, Count III, alleges negligence.  It alleges Liability Defendants failed to construct the Lodge in a workmanlike manner and in accordance with applicable building codes.

22.     The Liability Complaint, Count IV alleges fraudulent misrepresentation.  It alleges that that Liability Defendants told Harris they would construct the Lodge according to the original bid terms, in a workmanlike manner, and in compliance with Minnesota building codes, and that Liability Defendants knew they did not intend to honor the representations.

23.     The Complaint alleges that Harris has lost his original $640,000 in payments to Liability Defendants, additional payments to third parties to correct Liability Defendants' defective and faulty workmanship, the cost of fixing the work, and income from his rental property and from his nascent fishing guide business at the Lodge.  It alleges Harris cannot use the Lodge and that it will require significant work and likely full demolition and reconstruction.

24.     The Complaint alleges Liability Defendants acted willfully, maliciously, and with knowing and intentional disregard for Harris's rights, and alleges Harris will seek to amend the complaint to allege punitive damages in the future.

<u>THE ARTISAN CONTRACTOR POLICY</u>

25.     Midwest Family insured Barn Dudes under an Artisan Contractor Policy. A certified copy of the policy is attached and incorporated herein as Exhibit B.

12587510

26.     Midwest Family has reserved its rights as to whether the Policy creates a

duty to defend or indemnify Barn Dudes and Nelson and is defending them against the

Liability Complaint pursuant to a reservation of rights as to whether coverage exists.

27.     The Policy states in relevant part as follows:

<u>BUSINESSOWNERS COVERAGE FORM</u>

SECTION II – LIABILITY

A.     Coverages

　　　1.     Business Liability

　　　　　a.     We will pay those sums that the insured becomes legally
　　　　　　　obligated to pay as damages because of . . . "property
　　　　　　　damage" … to which this insurance applies.  We will have
　　　　　　　the right and duty to defend the insured against any "suit"
　　　　　　　seeking those damages.  However, we will have no duty to
　　　　　　　defend the insured against any "suit" seeking damages for . . .
　　　　　　　"property damage" … to which this insurance does not
　　　　　　　apply….
　　　　　　　　　　　　* * *
　　　　　b.     This insurance applies:

　　　　　(1)     To … "property damage" only if:
　　　　　　　(a)     The … "property damage" is caused by an
　　　　　　　　　"occurrence" that takes place in the "coverage
　　　　　　　　　territory";
　　　　　　　(b)     The … "property damage" occurs during the policy
　　　　　　　　　period; and….
　　　　　　　　　　　　* * *

B.     Exclusions

　　　1.     Applicable To Business Liability Coverage

　　　This insurance does not apply to:

　　　　　a.     Expected Or Intended Injury

6

12587510

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

* * *

k.      Damage to Property

"Property damage" to:

* * *

(5)      That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)      That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * *

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

l.      Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

m.      Damage To Your Work [as amended by WORK PERFORMED EXCLUSION]

We do not pay for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion applies if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

n.      Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)      A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

7

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \*

C.    Who Is An Insured

1.    If you are designated in the Declarations as:

\* \* \*

c.    A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

F.    Liability And Medical Expenses Definitions

\* \* \*

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**(1)** the repair, replacement, adjustment or removal of "your product" or "your work"; or

**(2)** your fulfilling the terms of the contract or agreement.

\* \* \*

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

16.    "Products-completed operations hazard":

a.    Includes all . . . "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

\* \* \*

8

12587510

      (2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

          **(a)**    When all of the work called for in your contract has been completed.
                   * * *

          (c)    When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
                   * * *

17.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….
                   * * *

21.    "Your product":

    a.    Means:
        (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
            (a)    You;
            (b)    Others trading under your name; or
            (c)    A person or organization whose business or assets you have acquired; and…
                   * * *

    b.    Includes:
        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and….
                   * * *

22.    "Your work":

12587510

     a.    Means:
         (1)    Work or operations performed by you or on your behalf; and
         (2)    Materials, parts or equipment furnished in connection with such work or operations.

* * *

     b.    Includes:
         (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and….

* * *

FUNGI OR BACTERIA EXCLUSION (LIABILITY)

This endorsement modifies insurance provided under the following:
    BUSINESSOWNERS COVERAGE PART

A.    The following exclusion is added to Paragraph B.1. Exclusions – Applicable To Business Liability Coverage:

    t.    Fungi Or Bacteria
       (1)    … "property damage" … which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

       (2)    Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

       This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

* * *

B.    The following definition is added to Paragraph F.  Liability And Medical Expenses Definitions:

10

1.     "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

* * *

## DECLARATION OF RIGHTS

28.     Midwest Family seeks a judicial declaration that it has no duty to defend or indemnify Barn Dudes and Nelson in the Liability Action.  It seeks a declaration that the claims do not fall within the Insuring Agreement of the Liability Coverage and are otherwise excluded from coverage.

## COUNT I
### Declaration that the claims in the Liability Complaint do not fall within the Insuring Agreement

29.     The Insuring Agreement requires that any claim against Barn Dudes/Nelson must allege "damages because of … 'property damage'" caused by an "occurrence." "Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property….

b.     Loss of use of tangible property that is not physically injured….

An "occurrence" means "an accident, including continuous and repeated exposure to substantially the same general harmful conditions."

30.     The Liability Complaint alleges that Barn Dudes/Nelson failed to complete the Lodge in compliance with building codes and in a workmanlike manner.  It seeks the cost to repair or replace the Lodge because of alleged defective workmanship and breach of warranty.  These claims of defective workmanship and breach of warranty do not fall within the Insuring Agreement because they do not allege any "property damage."  The claims also do not allege an "occurrence" to the extent grossly, obviously defective

11

12587510

workmanship or obvious violations of contract standards of workmanship do not allege an accident.

31.     The Liability Complaint alleges Harris lost income, alleging that he was not able to develop his nascent fishing guide business at the Lodge.  This claim does not fall within the Insuring Agreement because it does not allege "property damage."  A non-existent business and anticipated profits is not "tangible property."

32.     The Liability Complaint alleges loss of use of the Lodge because of defective workmanship.  This claim does not fall within the Insuring Agreement because it does not allege an "occurrence."

33.     The Liability Complaint alleges Harris lost his original $640,000 in payments to Liability Defendants.  It alleges Harris paid subcontractors amounts that Liability Defendants did not pay.  These claims for monetary reimbursement do not allege "property damage" or an "occurrence."

34.     The Liability Complaint alleges fraudulent misrepresentation and that Liability Defendants acted willfully, maliciously, and with knowing and intentional disregard for Harris's rights.  These claims do not allege "property damage" or an "occurrence."

COUNT II
Declaration that Exclusions preclude
the claims in the Liability Complaint

35.     Exclusion m, the "Your Work" Exclusion, precludes coverage for any "property damage" that occurred after the Lodge was completed:  Exclusion m, as amended by the WORK PERFORMED EXCLUSION, provides:

12

We do not pay for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion applies if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

"Your work" is defined to mean:

    a.    Means:
        (1)    Work or operations performed by you or on your behalf; and
        (2)    Materials, parts or equipment furnished in connection with such work or operations.
                              * * *
    b.    Includes:
        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and….

The Liability Complaint alleges Barn Dudes' constructed the Lodge and the Lodge is Barn Dude's work. The "Your Work" exclusion precludes coverage for any claim of "property damage" (defined as "physical injury to tangible property" or "loss of use of property that is not physically injured") to the Lodge that started after the Lodge was completed.

    36.    <u>Exclusion k(5) and k(6) preclude coverage for any "property damage" that began to occur while work on the Lodge was ongoing.</u> Exclusion k(5) and k(6) provide:

    k.    Damage to Property

        "Property damage" to:
                                * * *
        (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

        (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

12587510

* * *

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

If any "property damage" began to occur while the work on the Lodge was still ongoing, then k(5) and k(6) preclude coverage.

37.    Exclusion n:  the Impaired Property Exclusion, precludes coverage for any claim of "loss of use."  Exclusion n excludes coverage for:

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

"Impaired property" is defined as:

tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**(1)**    the repair, replacement, adjustment or removal of "your product" or "your work"; or
**(2)**    your fulfilling the terms of the contract or agreement.

Exclusion n precludes coverage for the Liability Complaint's allegation that defective workmanship caused Harris to lose the use of the Lodge.  Exclusion n precludes coverage for the Liability Complaint's allegation that Harris lost the use of his adjacent rental

14

12587510

property as a rental property because he had to live there when the Lodge was not finished.

38.     Exclusion a:  Expected Or Intended Injury.  Exclusion a excludes coverage for:

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

This exclusion precludes coverage for claims of fraudulent misrepresentation about the quality of work.  It also precludes coverage for claims Defendants acted willfully, maliciously, and with knowing and intentional disregard for Plaintiff's rights.

COUNT III – DECLARATION AS TO NELSON

39.     Nelson, as the owner of Barn Dudes, is only an "insured" on the Policy with respect to his conduct on behalf of Barn Dudes, and not his conduct on behalf of Neighborhood Landscaping or any other entity or his conduct as an individual.

PRAYER FOR RELIEF

WHEREFORE, Midwest Family respectfully requests the Order and Judgment of this Court declaring, determining, and providing as follows:

1.     Declaring that Midwest Family has no duty to defend Barn Dudes or Nelson under the Artisan Contractor Policy against the claims asserted by Harris in the Liability Action;

2.     Declaring that Midwest Family has no duty to indemnify Barn Dudes or Nelson under the Artisan Contractor Policy against the claims asserted by Harris in the Liability Action;

15

3.      For any other relief the Court deems just and proper.


ARTHUR, CHAPMAN, KETTERING,
SMETAK & PIKALA, P.A.

Dated:  <u>December 16, 2025</u>        <u>/s/ Beth A. Jenson Prouty</u>
Beth A. Jenson Prouty (#0389275)
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, MN 55402-3214
P: (612) 339-3500
F: (612) 339-7655
baprouty@ArthurChapman.com

*Attorney for Plaintiff Midwest Family Mutual Insurance Company*

12587510